**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-4057**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JANE ELLEN CAMPBELL,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:23-cr-00036-JKB-2)

—————————

Submitted:  January 23, 2025                    Decided:  January 28, 2025

—————————

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

—————————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Paul E. Budlow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jane Ellen Campbell pled guilty, pursuant to a plea agreement, to distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), 2256. The district court sentenced Campbell to 210 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asking us to review the district court's assessment of the 18 U.S.C. § 3553(a) factors and rationale for the imposed sentence. Although advised of her right to file a pro se supplemental brief, Campbell has not done so. The Government has moved to dismiss pursuant to the appeal waiver in Campbell's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id*. To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, [her] educational background, and [her] knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). As a general rule, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id*. (internal quotation marks omitted).

Our review of the record confirms that Campbell knowingly and voluntarily waived her right to appeal her conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the lone issue advanced within the *Anders* brief falls within the scope of the waiver. In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal beyond the scope of Campbell's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to any issues within the scope of the waiver. We otherwise affirm the criminal judgment.

This court requires that counsel inform Campbell, in writing, of the right to petition the Supreme Court of the United States for further review. If Campbell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Campbell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3